UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GENE WARMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:08-CV-1186 CAS |
| | ) |
| MERCK & COMPANY, INC., d/b/a MERCK, | ) |
| SHARP AND DOHME, d/b/a MSD SHARP | ) |
| & DOHME, GmbH, MEDCO HEALTH | ) |
| SOLUTIONS OF LAS VEGAS, SCHNUCK | ) |
| MARKETS, INC., AMY SEPKO, AND | ) |
| SHERRY ALBERS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). Statutes conferring diversity jurisdiction are to be strictly construed. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).

Plaintiff filed this personal injury and product liability action against defendants Merck & Company, Inc., Medco Health Solutions of Las Vegas, Schnuck Markets, Inc., Amy Sepko, and Sherry Albers. Based on the allegations in the complaint, plaintiff previously filed this matter and it

was dismissed without prejudice from the multidistrict litigation pending in the United States District Court for the Eastern District of Louisiana.[1]

The complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Federal Rule of Civil Procedure 8(a). The complaint alleges only state law causes of action, and based on the civil cover sheet filed with the complaint, plaintiff brings his case in federal court based on diversity jurisdiction, 28 U.S.C. § 1332.

A review of the complaint, however, clearly shows that the Court lacks subject matter jurisdiction. Plaintiff alleges that he is a resident of the State of Missouri, County of St. Louis. See Compl. at ¶ 1. Plaintiff alleges that defendant Schnuck Markets Inc. is a Missouri corporation, and defendants Sepko and Albers are residents of the City of St. Louis. See Compl. at ¶¶ 3, 12. Although plaintiff has not complied with the requirement that he allege each party's place of citizenship (as opposed to state of residency), including allegations of each corporate party's state of incorporation and principal place of business, it is apparent from the complaint that at least three defendants are not citizens of a different state from plaintiff, and are therefore not diverse. 28 U.S.C. §§ 1332(a), (c)(1); see Sanders, 823 F.2d at 215 n.1. Based on the foregoing, the Court does not have subject matter jurisdiction over this action.

Accordingly,

---

[1]It appears from the record in the those proceedings that while this case was dismissed without prejudice by plaintiff on August 15, 2007, it was reopened on August 18, 2008. See Warmann v. Merck & Co., Inc., et al., No. 2:05-CV-6740, MDL Docket No. 1657 (E.D. La. filed Dec. 29, 2005).

2

**IT IS HEREBY ORDERED** that this case is dismissed for lack of subject matter jurisdiction.

An order of dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 27th day of August, 2008.